[Cite as *State v. Martin*, 2011-Ohio-6408.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                          )
                                        )    CASE NO.    11 MA 2
      PLAINTIFF-APPELLEE,              )
                                        )
      - VS -                          )    O P I N I O N
                                        )
DUSTIN MARTIN,                          )
                                        )
      DEFENDANT-APPELLANT.             )


CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
                                Court, Case No. 10CR104.


JUDGMENT:                       Affirmed.


APPEARANCES:
For Plaintiff-Appellee:         Attorney Paul Gains
                                Prosecuting Attorney
                                Attorney Ralph Rivera
                                Assistant Prosecuting Attorney
                                21 West Boardman Street, 6th Floor
                                Youngstown, Ohio  44503

For Defendant-Appellant:        Attorney Edward Czopur
                                42 North Phelps Street
                                Youngstown, Ohio  44503

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro


                                Dated:  December 7, 2011

VUKOVICH, J.

{¶ 1} Defendant-appellant Dustin Martin appeals from his conviction and sentence in the Mahoning County Common Pleas Court for five counts of burglary and one count of attempted burglary. Appointed appellate counsel filed a no merit brief and requested leave to withdraw. A review of the case file reveals that there are no appealable issues. Therefore, the judgment of the trial court is hereby affirmed and counsel's motion to withdraw is granted.

## STATEMENT OF THE CASE

{¶ 2} On January 28, 2010 Martin was indicted for five counts of burglary, violations of R.C. 2911.12(A)(2)(C), second-degree felonies and one count of attempted burglary, in violation of R.C. 2911.12(A)(1)(B) and R.C. 2923.02(A), a third-degree felony. Martin waived his right to a speedy trial. Following discovery, the parties entered into a plea agreement. At the Crim.R. 11 plea hearing, Martin pled guilty to charges in the indictment; the guilty pleas were accepted by the court. 08/30/10 J.E. Sentencing occurred months later. He received an aggregate sentence of four years; the trial court sentenced him to four years in prison on each of the charges and ordered those sentences to run concurrent with each other. 12/15/10 J.E.

## ANALYSIS

{¶ 3} When appellate counsel seeks to withdraw and discloses that there are no meritorious arguments for appeal, the filing is known as a no merit brief or an *Anders* brief. *Anders v. California* (1967), 386 U.S. 738. In this district, it has also been called a *Toney* brief. *State v. Toney* (1970), 23 Ohio App.2d 203.

{¶ 4} In *Toney,* this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

{¶ 5} "3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so

advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

{¶ 6} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

{¶ 7} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

{¶ 8} "* * *

{¶ 9} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.

{¶ 10} The no merit brief was filed by counsel on April 27, 2011. On May 6, 2011, this court informed Martin of counsel's no merit brief and granted him 30 days to file his own written brief. 05/06/11 J.E. Martin has not filed a *pro se* brief. Thus, we will proceed to independently examine the record to determine whether the appeal is frivolous.

{¶ 11} Counsel for Martin has correctly identified two areas that a potential argument on appeal could be made: 1) the Crim.R. 11 guilty plea colloquy; and, 2) sentencing.

<u>Crim.R. 11 Plea Colloquy</u>

{¶ 12} Crim.R. 11(C) provides that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently and voluntarily. These advisements are typically divided into constitutional rights and nonconstitutional rights.

{¶ 13} The constitutional rights are: 1) a jury trial; 2) confrontation of witnesses against him; 3) the compulsory process for obtaining witnesses in his favor; 4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial, and 5) that the defendant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, ¶19-21. The trial court must

strictly comply with these requirements; if it fails to strictly comply, the defendant's plea is invalid. *Veney,* supra, at ¶31; *State v. Ballard* (1981), 66 Ohio St.2d 473, 477.

{¶ 14} The nonconstitutional rights are that: 1) the defendant must be informed of the nature of the charges; 2) the defendant must be informed of the maximum penalty involved, which includes an advisement on postrelease control, if it is applicable; 3) the defendant must be informed, if applicable, that he is not eligible for probation or the imposition of community control sanctions, and 4) the defendant must be informed that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim.R. 11(C)(2)(a)(b); *Veney,* supra, at ¶10-13; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, ¶19-26, (indicating that postrelease control is a nonconstitutional advisement); *State v. Aleshire,* 5th Dist. No.2007-CA-1, 2008-Ohio-5688, ¶8 (stating that postrelease control is a part of the maximum penalty).

{¶ 15} For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero* (1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney,* supra, at ¶15 quoting *Nero,* supra at 108. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney,* supra, at ¶15 citing *Nero,* supra, at 108.

{¶ 16} The trial court's advisement on the constitutional rights strictly complied with Crim.R. 11(C)(2)(c). Martin was informed and acknowledged that he understood that by pleading guilty he was waiving his right to a jury trial, to confront witnesses against him, to subpoena witnesses in his favor and to have the state prove at trial each and every element of the offenses by proof beyond a reasonable doubt. 08/26/10 Plea Tr. 4-5. Lastly, as to the constitutional rights, he was informed and indicated that he understood that if he went to trial he could not be compelled to testify against himself and that by pleading guilty he was giving up that right. 08/26/10 Plea Tr. 5-6.

{¶ 17} Likewise, the trial court substantially complied with Crim.R. 11(C) in its advisement of the nonconstitutional rights. Martin was advised of the charges against him, burglary and attempted burglary. 08/26/10 Plea Tr. 3-4. He was also correctly advised that the maximum prison penalty for the crimes charged is an aggregate sentence of 45 years; eight years for each of the five burglary charges and five years for the attempted burglary charge. 08/26/10 Plea Tr. 6-7. See, also, R.C. 2929.14(A)(2) (stating the maximum term for a second-degree felony is eight years); R.C. 2929.14(A)(3) (stating the maximum penalty for a third-degree felony is five years). He was adequately informed that his maximum sentence includes three years of postrelease control following the prison term. 08/26/10 Plea Tr. 7-8. See, also, R.C. 2967.28 (indicating three year term of post release control for second-degree felonies). As to the maximum fines, he was correctly advised that he could be fined $15,000 for each of the burglary charges and $10,000 for the attempted burglary charge. 08/26/10 Plea Tr. 6-7. R.C. 2929.18(A)(3)(b), (c) (stating the maximum fine for a second-degree felony is $15,000 and the maximum fine for a third-degree felony is $10,000). The trial court then told him that after accepting the plea it was permitted to proceed directly to sentencing. 08/26/10 Plea Tr. 6. Lastly, as there was no mandatory prison term for the charges, he was eligible for community control. The trial court did not advise him of his eligibility. However, that does not result in error because Crim.R. 11 requires an advisement only when the offender is not eligible for community control.

{¶ 18} The only possible problem with the advisements as to the nonconstitutional rights is the trial court's statement that the maximum total amount Martin could be fined was $130,000. 08/26/10 Plea Tr. 7. As explained above, the trial court correctly advised Martin that the maximum fine for each of the second-degree burglary charges is $15,000 and the maximum fine for the third-degree attempted burglary charge is $10,000. Thus, for the five burglary charges it would amount to a $75,000 fine. Add in the maximum fine for the attempted burglary charge it would equal an $80,000 fine. As such the trial court's statement that it would be a $130,000 fine was incorrect. However, the advisement as a whole constituted substantial compliance. Although the trial court's math was incorrect, it correctly

advised Martin the maximum fines for each charge. Regardless, Martin's indigency was a matter of record prior to the sentencing and thus, as the trial court did not issue a fine, there is no resulting prejudice from the trial court's incorrect mathematical computation. 12/15/10 Sentencing Tr. 13.

{¶ 19} Consequently, considering all the above, we find that the plea colloquy complied with Crim.R. 11(C) and, as such, the plea was intelligently, voluntarily, and knowingly entered. There are no appealable issues concerning the guilty plea.

<u>Sentencing</u>

{¶ 20} Our review of felony sentences is a limited, two-fold approach, as outlined in the plurality opinion in *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, ¶26. First, we must examine the sentence to determine if it is "clearly and convincingly contrary to law." Id. In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. Id. at ¶13–14. If the sentence is clearly and convincingly not contrary to law, the court's discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion. Id. at ¶17. Thus, we apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. Id. at ¶17.

{¶ 21} Martin was convicted of five second-degree felonies and one third-degree felony. The applicable sentences for a second-degree felony are two, three, four, five, six, seven or eight years. R.C. 2929.14(A)(2). The applicable sentences for a third-degree felony are one, two, three, four, or five years. R.C. 2929.14(A)(3). Martin was sentenced to four years for each of the second-degree felonies and for the third-degree felony. Thus, Martin's sentence was within the statutory range.

{¶ 22} Furthermore, in the trial court's sentencing judgment entry it stated:

{¶ 23} "The Court considered the record, pre-sentence investigation report, oral statements and the principles and purposes of sentencing under Ohio Revised Code §2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code §2929.12." 12/20/10 J.E.

{¶ 24} Accordingly, as the sentence was within the applicable range and the trial court considered the applicable statutes, the sentence is not contrary to law. Our analysis now turns to whether the sentence amounted to an abuse of discretion.

**{¶ 25}** The trial court only mentions R.C. 2929.11 and R.C. 2929.12 in the judgment entry and does not engage in an analysis of how those statutes apply to the facts in this case. Furthermore, the court does not mention those statutes at the sentencing hearing. However, there is no requirement for the trial court to provide reasons on the record as to how the factors in those statutes apply to the case. All that is required is for the trial court to consider those statutes in sentencing. "A silent record raises a rebuttable presumption that the sentencing considered the statutory sentencing criteria." *State v. Ballard,* 7th Dist. No. 08CO13, 2009–Ohio–5472, ¶71, citing *State v. James,* 7th Dist. No. 07CO47, 2009–Ohio–4392, ¶50. Thus, a rote recitation spoken by the trial court judge that it considered R.C. 2929.11 and R.C. 2929.12 without providing reasons, such as was done in this case, satisfies the consideration requirement and raises a rebuttable presumption that the court followed the statutes. *State v. Arnett* (2000), 88 Ohio St.3d 208, 215. See also, *Kalish,* supra, ¶18, fn. 4.

**{¶ 26}** Martin cannot overcome the rebuttable presumption. The record clearly discloses that the PSI (Presentence Investigation) report recommended a prison term. 12/15/10 Sentencing Tr. 8. Likewise, the trial court found that community control sanctions were not warranted. Days prior to entering the guilty plea, Martin was released on bond to CCA (Community Corrections Association). 08/26/10 J.E. In October 2010, the bond was amended further to allow him to conduct a job search. 10/20/10 J.E. However, in November, the state moved to revoke the bond because Martin had continually violated the rules and regulations of CCA; the motion was granted. 11/09/10 J.E. The report from CCA is included in the record and it discloses that from September 2010 through November 2010 he had 15 infractions. At trial, the trial court indicated that it reviewed that report and the PSI in determining the appropriate sentence.

**{¶ 27}** "All right. Well, I have the defendant's presentence investigation, I've reviewed it. I've also reviewed the report from CCA. And regardless of what the situation was or how it may have developed, there's no excuse for all the violations that were filed, the date and the times spread out over almost a two-month period of time. Insubordination, the whole route." 12/15/10 Sentencing Tr. 12.

{¶ 28} Consequently, it can be gleaned from the above that the trial court was considering the overriding purposes of felony sentencing, R.C. 2929.11. Furthermore, the PSI indicates that Martin has a lengthy criminal record. Thus, the trial court could legitimately find that he is likely to recidivate, a R.C. 2929.12 factor. As such, we cannot find that the trial court abused its discretion in sentencing Martin to an aggregate sentence of four years for the five burglary and one attempted burglary convictions.

## CONCLUSION

{¶ 29} For the foregoing reasons, the judgment of the trial court is hereby affirmed and counsel's motion to withdraw is granted.

Donofrio, J., concurs.
DeGenaro, J., concurs.