[Cite as *State v. Polverini*, 2013-Ohio-865.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 JE 26 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CHRISTOPHER J. POLVERINI | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of Common Pleas of Jefferson County, Ohio
Case Nos. 08 CR 21; 10 CR 142; & 11 CR 21

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Jane M. Hanlin
Jefferson County Prosecutor
Atty. Michael J. Calabria
Assistant Prosecuting Attorney
100 N. Fourth Street, 3rd Floor
P.O. Box 1506
Steubenville, Ohio 43952

For Defendant-Appellant: Atty. Eric M. Reszke
Suite 810, Sinclair Bldg.
Steubenville, Ohio 43952

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: March 8, 2013

WAITE, J.

**{¶1}** Appellant Christopher J. Polverini is appealing his conviction and sentence on two counts of trafficking in drugs. Appellant was convicted by a jury on the drug charges that arose from two controlled purchases of cocaine by a confidential informant. Appellant was serving community control sanctions for a felony theft offense when the drug charges arose. He was sentenced to eleven months of imprisonment on each of the two drug charges. His community control was revoked on the earlier theft charge and eleven months of prison time was ordered in that case as well. The court ordered that the sentences for the two drug charges run concurrently, but that the prison term for the theft charge would run consecutively, for a net sentence of twenty-two months in prison.

**{¶2}** Appellant argues that the trial court abused its discretion in sentencing him to twenty-two months in prison. The record indicates that Appellant had a prior felony conviction and was on community control when he committed the drug offenses. These are relevant factors for the court to consider in sentencing, and there was no abuse of discretion in the court imposing more than the minimum, but less than maximum, sentences for each of the crimes. Appellant also argues that his convictions on the two drug charges were against the manifest weight of the evidence, particularly due to questions about the veracity of the confidential informant's testimony. Appellant posits that the informant was not credible because he admitted that he stole some of the money the police provided to him to conduct the controlled drug purchases and that he used some of the cocaine from the controlled drug purchase prior to handing it over to the police. Even if we accept

Appellant's premise that the confidential informant was less than credible, the record contains other evidence that adequately demonstrates Appellant's guilt. The jury did not create a manifest miscarriage of justice in finding Appellant guilty of the drug charges based on the totality of the evidence. Appellant's conviction and sentence are affirmed.

### History of the Case

{¶3} There are three separate criminal cases involved in this appeal. The first case (08 CR 21), derives from a felony theft charge in 2008. Appellant pleaded guilty to the charge and was sentenced in March of 2008 to serve six months at the East Ohio Correctional Center and three years of community control sanctions. His community control was revoked due to his arrest and conviction on the two drug charges at issue in this appeal. He was resentenced for the theft conviction at the same time he was sentenced on the drug charges.

{¶4} The second and third cases (10 CR 142 and 11 CR 21) involve charges of drug trafficking. Appellant was indicted on December 1, 2010, on one count of selling or offering to sell powdered cocaine in violation of R.C. 2925.03, a fifth degree felony punishable by six to twelve months in prison. This drug sale took place on September 20, 2010, at the home of Jason Klein and Terri Mizell at 575 North Fifth Street in Toronto, Ohio. Appellant was indicted again on April 6, 2011, on another count of selling or offering to sell powdered cocaine in violation of R.C. 2925.03, a fifth degree felony. This second drug sale took place on September 24, 2010, at the same residence. The drug purchases were conducted by a confidential informant

under the supervision and control of the police. Appellant was arrested on September 24, 2010, shortly after the second drug purchase took place. He was not immediately prosecuted for the crimes because he agreed to act as a confidential informant himself. Appellant failed to continue cooperating as an informant, which led to the two drug trafficking charges being filed.

{¶5} Trial took place on August 25, 2011. The prosecutor called five witnesses: (1) the confidential informant; (2) a chemist from the Bureau of Criminal Identification and Investigation; (3) Captain Richard Parker, the officer who arranged the controlled drug purchases; (4) Jason Klein, who resided at 575 North Fifth Street; and (5) Officer Jason Hanlin of the Steubenville Police Department, who assisted in the investigation and arranged for Appellant to act as a confidential informant immediately after his arrest for the crimes at issue in this appeal. Appellant testified in his own defense. Appellant admitted that he was at 575 North Fifth Street at the time of the two drug transactions. He admitted having in his possession $100 of the money that the police had given to the confidential informant to make the drug purchases. The confidential informant and one of the residents of 575 North Fifth Street confirmed that the drug buys took place and that Appellant was the seller. Lab tests confirmed that the substance purchased from Appellant was cocaine. There was also an audio recording of the drug purchases.

{¶6} After Appellant was arrested, he told the police that he knew someone who sold illegal drugs, and he volunteered to be a confidential informant himself. The police entered into an agreement with Appellant to become a confidential

informant in exchange for suspending prosecution of the two drug sales at 575 North Fifth Street. The police asked him to make a $100 purchase of cocaine from his supplier. Appellant told Officer Hanlin that he owed the man $60 for a prior purchase of cocaine, so the police gave him $160 for the transaction. He conducted the drug buy, but then failed to cooperate with the police pursuant to his agreement. Hence, he was prosecuted for the two drug charges under review in this appeal.

{¶7} The jury reached its verdict on August 25, 2011. The jury found Appellant guilty on both counts. Probation revocation proceedings and sentencing were held immediately thereafter. Appellant's counsel gave a statement at sentencing but Appellant declined to speak on his own behalf. The court revoked Appellant's community control and sentenced him to eleven months in prison in Case No. 08 CR 21. The court also sentenced Appellant to eleven months in prison on each of the drug charges, to be served concurrently with each other. The court ordered that the probation violation sentence be served consecutively to Appellant's sentence for the drug trafficking convictions, for a total of twenty-two months in prison. This appeal followed.

<u>ASSIGNMENT OF ERROR NO.1</u>

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SENTENCING THE DEFENDANT TO ELEVEN (11) MONTHS IMPRISONMENT IN CASE NUMBER 10-CR-142 AND CASE NUMBER 11-CR-21.

**{¶8}** Appellant is challenging his sentence as an abuse of the trial court's discretion. We review felony sentences to determine whether the sentence is clearly and convincingly contrary to law, and if it is not contrary to law, it is then reviewed for abuse of discretion. *State v. Gratz*, 7th Dist. No. 08MA101, 2009-Ohio-695, ¶8; *State v. Gray*, 7th Dist. No. 07MA156, 2008-Ohio-6591, ¶17. The initial inquiry is whether the sentence is clearly and convincingly contrary to law, *i.e.*, whether the sentencing court complied with all applicable rules and statutes in imposing the sentence. *Gratz* at ¶8, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶13-14. If it is not clearly and convincingly contrary to law, the court must determine whether the sentencing court abused its discretion in applying the factors in R.C. 2929.11 (which contains the principles and purposes of felony sentencing) and R.C. 2929.12 (which contains factors relating to the seriousness of the crime and the likelihood of recidivism), and any other applicable statute. *Gratz* at ¶8, citing *Kalish* at ¶17. Appellant is solely arguing that the trial court abused its discretion in applying the factors in R.C. 2929.11 and 2929.12. Appellant believes that the weight of the evidence should have convinced the court to impose a less severe sentence.

**{¶9}** Unless the record affirmatively demonstrates otherwise, there is a presumption that the trial court gave proper consideration to the factors listed in R.C. 2929.11 and 2929.12. *State v. Martin*, 7th Dist. No. 11 MA 2, 2011-Ohio-6408, ¶25.

**{¶10}** Appellant attempts to rely on R.C. 2929.14(B), which requires that the minimum sentence be imposed unless the court finds that certain factors exist in support of a harsher sentence, as a reason for reversing his sentence. R.C.

2929.14(B), however, was declared unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. After *Foster*, there is no longer a preference for imposing the minimum sentence on first-time offenders.

**{¶11}** Appellant also believes the shortest prison term should have been imposed because the state's case against him was very weak. Appellant does not cite any law that requires the court to consider this as a factor at sentencing. In any event, a review of the record reveals that the state's case against Appellant was actually quite substantial.

**{¶12}** R.C. 2929.12(D) lists factors that may indicate a defendant is more likely to commit future crimes. R.C. 2929.12(D)(1) addresses whether the defendant was under a community control sanction when the crime for which a defendant is being sentenced occurred. The trial court noted this factor at the sentencing hearing and gave it significant weight in his decision. R.C. 2929.12(E) lists factors that indicate that a defendant is less likely to commit future crimes. R.C. 2929.12(E)(2) states that the court should consider whether "[p]rior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense." The court took under consideration that Appellant had committed a prior criminal offense and had a felony conviction on his record. The record reflects that the court also gave weight to this factor.

**{¶13}** The court may give as much weight to each factor as it deems appropriate. We have previously held:

R.C. 2929.12(C) does not require the trial court to assign a specific weight to any one factor. Instead, R.C. 2929.12(C) simply requires the trial court to "consider" each factor. "[T]he individual decisionmaker has the discretion to determine the weight to assign a particular statutory factor." *State v. Arnett* (2000), 88 Ohio St.3d 208, 215, 724 N.E.2d 793.

*State v. Jones*, 7th Dist. No. 04-MA-76, 2005-Ohio-6937, ¶42.

{¶14} Although Appellant is correct that there is some evidence to support a few of the mitigating factors listed in R.C. 2929.12 (such as the fact that Appellant did not have a delinquency adjudication on his record), the trial court was free to give more weight to other factors indicating that the crime was more serious than normal, or that the circumstances of the case indicated more risk of recidivism than normal. Appellant has not shown any abuse of discretion at sentencing, and his first assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE JURY VERDICT OF GUILTY TO THE OFFENSES OF TRAFFICKING IN DRUGS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶15} Appellant's argument on appeal for this assignment of error is one paragraph long. (Appellant's Br., p. 14.) He argues that he should not have been convicted because: (1) the confidential informant was not credible; (2) Appellant gave credible explanations for being at 575 North Fifth Street on September 20 and 24, 2010, that did not have anything to do with drug purchases (i.e., he was

borrowing money from the informant, or he was there to transport Terri Mizell to parenting classes); (3) the electronic recordings of the alleged drug transaction are inconclusive; (4) the police did not find any narcotics on Appellant's person; and (5) Appellant testified that he was not involved in any illegal drug activity. Thus, Appellant is challenging the manifest weight of the evidence based on these five items.

**{¶16}** When determining whether a criminal judgment is against the manifest weight of the evidence, this Court acts as a "thirteenth juror" to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983). The verdict is not against the weight of the evidence when the record contains evidence which, if believed, will convince the average person of the accused's guilt beyond a reasonable doubt. *State v. Eley*, 56 Ohio St.2d 169, 172, 383 N.E.2d 132 (1978).

**{¶17}** "A verdict that is supported by sufficient evidence may still be against the manifest weight of the evidence. 'Weight of the evidence concerns "the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question

of mathematics, but depends on its *effect in inducing belief*." ' (Emphasis sic.)" (Internal citations omitted.) *State v. Barnhart*, 7th Dist. No. 09 JE 15, 2010-Ohio-3282, ¶24, quoting *Thompkins, supra*, at 387. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

**{¶18}** Although Appellant contends that the evidence against him was weak, it was actually stronger than in many cases involving controlled drug purchases by a confidential informant. Appellant, himself, admitted that he was at the house where the drug transactions occurred, and he admitted he had possession of $100 of the money that was provided by the police to make the transaction. Appellant's explanation about being at the residence to transport Terri Mizell to a counseling class is not particularly credible since the exchange took place at night and Appellant left the house alone after the drug buy. Appellant's explanation as to how he came to be holding $100 of the informant's money is dubious. He testified that the informant was known to have a great deal of cash on him, so he borrowed $100 from the informant to buy four tires, and promised to give him $110 or $120 when he returned the money. The record established that the informant was unemployed and was so lacking in funds that he stole some of the money given to him by the police to make the controlled drug purchase.

**{¶19}** Appellant is correct that the confidential informant may not have been particularly credible. The informant testified that he asked for $150 from the police to

purchase the drugs, but only paid $130 to Appellant. The informant stated that he pocketed the $20 and purchased cigarettes and beer. The informant also testified that he took some of the drugs he purchased and "snorted a line" before returning the drug packets to the police. (Tr., p. 166.) The jury was made aware of these facts and was free to believe some, all, or none of his testimony.

{¶20} Despite the admissions by the informant that he stole money and drugs from the controlled drug buy, it also appears reasonable that the jury would disbelieve Appellant's testimony even over the testimony of the informant. The testimony given by the confidential informant is confirmed by other evidence in the record. Appellant's testimony is not supported by other evidence. In this case the state had confirmation of the drug transaction by a third party, Jason Klein. The police searched the confidential informant before the transaction to make sure he had no illegal substances on his person. The record also established that when the police entered the Klein/Mizell residence shortly after the second drug transaction, they found no marked money or illegal drugs on the premises. The reasonable inference is that the only drugs involved in the transaction were those brought to the Klein/Mizell residence by Appellant, that those drugs were purchased by the informant, and that the drugs were then delivered to the police after the drug buy had concluded.

{¶21} A further piece of evidence in favor of conviction is that Appellant, immediately after he was arrested, told the police that he knew someone who supplied illegal drugs. He offered to be a confidential informant himself in order to

conduct a controlled drug purchase with this source. (Tr., p. 197.) In fact, within an hour of being arrested, Appellant conducted a controlled drug purchase for the police in Steubenville. This controlled drug purchase was discussed at trial by both the police officer who arranged the deal (Officer Hanlin), and by Appellant.

{¶22} Appellant also admitted that he had had previous dealings with this drug supplier and still owed him $60. The police apparently believed him and gave him $160 to make the drug purchase ($100 for the drugs, and $60 to pay off the debt). Appellant testified that this $60 debt was not a drug debt, but again, the jury could make the inference that a debt to a drug dealer is likely to be a debt for a prior purchase of drugs.

{¶23} The manifest weight of the evidence supports the convictions. Appellant was at the scene of the drug purchases and was found with the confidential informant's money. There was no evidence that the drugs purchased by the informant came from any other source other than Appellant. Appellant admitted he had a source who could provide him with illegal drugs, and he purchased drugs from that source within an hour after being arrested for the drug trafficking charges involved in this appeal. There was independent confirmation of the drug transactions by one of the residents of the house where the transaction took place. The substance was identified as cocaine. The trier of fact was free to believe this evidence and to disbelieve Appellant's explanations. There is no manifest miscarriage of justice indicated by the jury's verdict, and this assignment of error is overruled.

{¶24} In conclusion, Appellant has not indicated any error in his convictions for two drug trafficking offenses or in the sentence imposed. Therefore, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.