[Cite as *State v. Johnson*, 2017-Ohio-577.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 16-COA-010 |
| ERIC M. JOHNSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Ashland County Court of
Common Pleas, Case No. 15-CRI-189

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: February 13, 2017

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER R. TUNNELL          MATTHEW J. MALONE
Ashland County Prosecutor          Law Offices of Matthew J. Malone, LLC
110 Cottage Street, Third Floor      10 East Main Street
Ashland, Ohio 44805                    Ashland, Ohio 44805

JOSHUA T. ASPIN
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, Ohio 44805

*Hoffman, J.*

{¶1} Defendant-appellant Eric M. Johnson appeals the April 13, 2016 Judgment Entry – Sentencing entered by the Ashland County Court of Common Pleas, which denied his motion to vacate mandatory fines and ordered him to pay the maximum fine of $7,500.00. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On November 6, 2015, Detective Brian Evans of the Ashland Police Department filed a Complaint in the Ashland County Court of Common Pleas, charging Appellant with one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the second degree. Following a bond hearing, the trial court released Appellant on his own recognizance. Appellant filed an Affidavit of Indigency. The trial court found Appellant "presently indigent for purposes of appointment of counsel" and appointed Attorney R. Rolf Whitney to represent him. November 12, 2015 Judgment Entry at 2.

{¶3} The trial court bound the case over to the Ashland County Grand Jury for further consideration. Thereafter, on December 10, 2015, the Ashland County Grand Jury indicted Appellant on two counts of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), felonies of the second degree; one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the second degree; and one count of possessing criminal tools, in violation of R.C. 2923.24(A), a felony of the first degree.

---

[1] A statement of the facts underlying Appellant's conviction is unnecessary for our disposition of this appeal.

Each count carried an attendant forfeiture specification pursuant to R.C. 2981.04 and R.C. 2941.1417.

**{¶4}** Appellant entered a plea of not guilty to the Indictment at his arraignment on December 14, 2015. The trial court scheduled the matter for jury trial on March 22, 2016.

**{¶5}** On March 7, 2016, Appellant appeared before the trial court, withdrew his former plea of not guilty, and entered a plea of guilty to one count of aggravated trafficking in drugs and the attendant forfeiture specification. Upon the state's motion, the trial court dismissed the remaining three counts of the Indictment. The trial court ordered a pre-sentence investigation and scheduled a sentencing hearing for April 11, 2016. Prior to sentencing, Appellant filed a motion to waive the mandatory fine. Therein, Appellant stated he would be unable to pay the fine as a result of his indigent status at the time of sentencing. Appellant attached an Affidavit of Financial Inability to Pay Fine and Costs to his motion.

**{¶6}** The trial court sentenced Appellant to a term of imprisonment of four years. Overruling Appellant's motion to waive the mandatory fine, the trial court imposed the maximum fine of $7,500. The trial court memorialized Appellant's sentence and fine via Judgment Entry-Sentencing filed April 13, 2016.

**{¶7}** It is from that judgment entry Appellant appeals, raising as his sole assignment of error:

I. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING UPON APPELLANT A MANDATORY FINE OF $7,500.

{¶8} Appellant was convicted of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2). R.C. 2925.03(D)(1) provides: "If the violation of division (A) of this section is a felony of the first, second, or third degree, the court *shall* impose upon the offender the mandatory fine specified for the offense under division (B)(1) of section 2929.18 of the Revised Code unless, as specified in that division, the court determines that the offender is indigent." (Emphasis added).

{¶9} R.C. 2929.18, which governs financial sanctions for felony offenses, reads, in relevant part:

For a first, second, or third degree felony violation of an provision of R.C. Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section, If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender. R.C. 2929.18(B)(1).

{¶10} In *State v. Gipson* ( 1998), 80 Ohio St.3d 626, 634, the Ohio Supreme Court explained a trial court must impose a mandatory fine unless the offender files an affidavit of indigency prior to sentencing, and the trial court determines the offender is indigent

and unable to pay the mandatory fine. *Id.* at 634. The *Gipson* Court emphasized the importance of the second requirement, noting "an offender who files an affidavit alleging that he or she is indigent is unable to pay a mandatory fine is *not* automatically entitled to a waiver of that fine", but has the affirmative burden to establish his or her inability to pay a fine in the future. *Id.* at 634-635. Therefore, in determining whether an offender is indigent for the purpose of avoiding a mandatory fine, the trial court "may inquire into the defendant's ability to pay the mandatory fine in the future and is not limited to a consideration of a defendant's indigency at the time [the fine] was imposed." *State v. Williams*, 11th Dist Lake App. No., 2014-Ohio-65 at para. 18, citing *State v. McDowell*, Portage App. No. 2001-P-0149, 2003-Ohio-5352 at para. 69. R.C. 2929.19(B)(5) requires a trial court to consider an "offender's present and future ability to pay the amount of the sanction of fine."

**{¶11}** During Appellant's sentencing hearing, the trial court noted it had received and reviewed the pre-sentence investigation report. The PSI included information regarding Appellant's financial situation, detailing his assets and monthly income, specifically noting Appellant received monthly payments as part of his divorce settlement. The PSI detailed Appellant's future earning abilities such as his age, education, and prior employment. Appellant had a Bachelor's degree and a Master's degree. Appellant taught music in a public school. He also owned a firewood business, which he described as "very lucrative".

**{¶12}** Although Appellant filed a timely motion and the requisite affidavit, the affidavit focused solely on Appellant's current financial situation. Appellant did not establish his inability to pay a fine in the future. Based upon the foregoing, we find the

trial court did not abuse its discretion in imposing the maximum mandatory fine upon Appellant.

**{¶13}** Appellant's sole assignment of error is overruled.

**{¶14}** The judgment of the Ashland County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur