[Cite as *State v. Hutchins*, 2021-Ohio-4334.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

|                        |   |                                  |
|------------------------|---|----------------------------------|
| STATE OF OHIO          | : |                                  |
|                        | : |                                  |
| Plaintiff-Appellee     | : | Appellate Case No. 2021-CA-22    |
|                        | : |                                  |
| v.                     | : | Trial Court Case No. 2020-CR-693A |
|                        | : |                                  |
| SHAKILLA HUTCHINS      | : | (Criminal Appeal from            |
|                        | : | Common Pleas Court)              |
| Defendant-Appellant    | : |                                  |
|                        | : |                                  |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of December, 2021.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
     Attorney for Plaintiff-Appellee

TRAVIS KANE, Atty. Reg. No. 0088191, 130 West Second Street, Suite 460, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Appellant, Shakilla Hutchins, pleaded guilty to theft in violation of R.C. 2913.02(A)(3), a fifth-degree felony, and she was sentenced accordingly. Appointed appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating he could not find any potentially meritorious appellate issues. After conducting an independent review of the record, we agree with counsel's assessment. As such, the trial court's judgment will be affirmed.

## Facts and Procedural History

**{¶ 2}** Hutchins was indicted on one count of theft as a fifth-degree felony. Hutchins ultimately pleaded guilty to the indicted count, and the State recommended that she be sentenced to a term of community control sanctions (CCS). On the date Hutchins committed the theft offense, she was serving a CCS sentence in a first-degree misdemeanor theft case out of the Clark County Municipal Court. Following completion of a presentence investigation report (PSI), the trial court sentenced Hutchins to a ten-month prison term. This appeal followed.

**{¶ 3}** As noted, Hutchins's appointed counsel has filed an *Anders* brief, and he has requested leave to withdraw as Hutchins's attorney. Hutchins was advised of her right to file a pro se brief, but such a brief has not been filed.

## *Anders* Standard

**{¶ 4}** When counsel files an *Anders* brief, an appellate court must determine, "after a full examination of the proceedings," whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous simply because the State

has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue is one about which "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find any issue that is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent Hutchins.

## *Anders* Analysis

{¶ 5} Counsel, consistent with his duties under *Anders*, has requested this court to review two issues: whether the trial court complied with all required elements of Crim.R. 11, and whether the trial court erred in imposing a ten-month prison term. We conclude that neither issue presents any potentially meritorious appellate arguments.

{¶ 6} To "satisfy the requirements of due process, a plea of guilty * * * must be knowing, intelligent, and voluntary, and the record must affirmatively demonstrate" as much. *State v. Chessman*, 2d Dist. Greene No. 03-CA-100, 2006-Ohio-835, ¶ 15, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *see also State v. Inskeep*, 2d Dist. Champaign No. 2016-CA-2, 2016-Ohio-7098, ¶ 12, citing *State v. Brown*, 2d Dist. Montgomery Nos. 24520 & 24705, 2012-Ohio-199, ¶ 13. A trial court accordingly "must comply with Crim.R. 11(C)" before accepting a plea. (Citation omitted.) *State v. Russell*, 2d Dist. Clark No. 10-CA-54, 2011-Ohio-1738, ¶ 6; *Chessman* at ¶ 15.

{¶ 7} Crim.R. 11(C)(2)(c) requires that a defendant be advised of certain constitutional rights, and strict compliance with this part of the rule is required. *State v. Thompson*, 2d Dist. Montgomery No. 28308, 2020-Ohio-211, ¶ 5. Where a trial court

fails to comply strictly with Crim.R. 11(C)(2)(c), the defendant's plea should be deemed invalid on appeal. *See State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 16; *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31-32.

{¶ 8} Crim.R. 11(C)(2)(a) requires that a trial court determine whether a defendant is "making [her] plea voluntarily," and Crim.R. 11(C)(2)(b) requires that the court inform the defendant of the consequences of the plea. Given that these parts of the rule relate to nonconstitutional issues, the "defendant must affirmatively show prejudice to invalidate [her] plea" where the trial court fails to comply fully with Crim.R. 11(C)(2)(a)-(b). (Citation omitted.) *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 14; *State v. Rogers*, 2020-Ohio-4102, 157 N.E.3d 142, ¶ 16 (12th Dist.). To show that he was prejudiced by the trial court's partial noncompliance with Crim.R. 11(C)(2)(a)-(b), the defendant must demonstrate that she "would [not] otherwise have entered the plea." *State v. Thompson*, 2d Dist. Montgomery No. 28308, 2020-Ohio-211, ¶ 5. Where a trial court completely fails to comply with Crim.R. 11(C)(2)(a)-(b), however, a defendant's plea should be invalidated on appeal, and the defendant need not show prejudice. *Dangler* at ¶ 14; *Rogers* at ¶ 16.

{¶ 9} Our review of the plea reveals the trial court's strict compliance with Crim.R. 11. Moreover, the record does not contain any suggestion that Hutchins's plea was not knowing, intelligent, and voluntary. Thus, any argument regarding compliance with Crim.R. 11 or that Hutchins's plea was otherwise less than knowing, intelligent, and voluntary would be frivolous.

{¶ 10} Turning to counsel's second argument, "[t]he trial court has full discretion to

impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum * * * sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 11} Last year, the Ohio Supreme Court decided *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. In *Jones*, the Supreme Court noted that R.C. 2953.08(G)(2)(a) allows "appellate courts to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions. But R.C. 2929.11 and R.C. 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *Id.* at ¶ 28, quoting R.C. 2953.08(G)(2)(a). From this, the Supreme Court concluded that R.C. 2953.08(G)(2)(a) does not provide a basis to modify or vacate a sentence because it is not supported under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 29.

{¶ 12} *Jones* also noted that R.C. 2953.08(G)(2)(b) permits an appellate court to modify or vacate a sentence if it is "otherwise contrary to law." *Id.* at ¶ 32, quoting R.C. 2953.08(G)(2)(b). But the Supreme Court ruled that an appellate court may not vacate or modify a sentence based upon the conclusion the sentence is contrary to law because it "is not supported under R.C. 2929.11 and R.C. 2929.12." *Id.* at ¶ 39.

{¶ 13} In Hutchins's case, under R.C. 2929.13(B)(1)(a), a defendant convicted of a non-violent fourth- or fifth-degree felony (including a fifth-degree theft offense) must,

except as provided by R.C. 2929.13(B)(1)(b), be sentenced to a CCS term if the following apply: (1) the defendant, as here, has not previously been convicted of a felony offense; (2) the most serious pending charge, again as here, is a fourth- or fifth-degree felony; and (3) in the two year period before the plea, the defendant, again as here, has not been convicted of a misdemeanor offense of violence. But even when the above conditions are met, the trial court has the discretion, under R.C. 2929.13(B)(1)(b), to impose a prison term if certain conditions apply. One such condition, as set forth in R.C. 2929.13(B)(1)(b)(x), is that the fourth- or fifth-degree felony was committed while the defendant was "under a community control sanction * * *." As noted, Hutchins was serving a CCS sentence in the Clark County Municipal Court on the date the theft offense occurred. Thus, the trial court had the statutory authorization to impose the ten-month prison term. Further, the record reflects the trial court's consideration of R.C. 2929.11 and R.C. 2929.12. Given this consideration, the trial court's statutory ability to impose a prison term, and the discussed case law, it would be frivolous to argue that Hutchins's sentence is contrary to law or otherwise subject to modification or vacation.

{¶ 14} In addition, we have reviewed the entire record. This review has not revealed any potentially meritorious appellate issues.

### Conclusion

{¶ 15} Finding no potentially meritorious appellate issues, counsel is permitted to withdraw. The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Ian A. Richardson
Travis Kane
Shakilla Hutchins
Hon. Douglas M. Rastatter