[Cite as *State v. Hall*, 2023-Ohio-1229.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

      Appellee

v.

Jack David Hall

      Appellant

Court of Appeals No.  L-22-1173

Trial Court No.  CR0202201298

**DECISION AND JUDGMENT**

Decided:  April 14, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Khaled Elwardany, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant, Jack David Hall, appeals the July 1, 2022 judgment of the Lucas

County Court of Common Pleas which, following Hall's guilty plea to one count of

aggravated robbery, sentenced him to an indefinite prison term of five to seven and one-

half years.  Hall maintains the trial court did not ensure he understood the maximum

penalty involved as required by Crim.R. 11(C)(2)(a), because the court failed to advise him of the consequences of a dismissed repeat violent offender ("RVO") specification before accepting his plea. We conclude, however, that the trial court did not err because Crim.R. 11(C)(2)(a) does not require that a defendant understand a dismissed specification. Accordingly, the trial court's judgment is affirmed.

## I. Relevant Background

{¶ 2} On February 3, 2022, Hall was granted judicial release from an 11-month prison term imposed following his guilty pleas to two, fifth-degree felony breaking and entering charges. On February 15, 2022, Hall was arrested on a charge that he robbed a McDonald's of $161 by threatening an employee and alluding that he had a gun. At the time, Hall was on community control for a prior robbery conviction and multiple nonviolent felony convictions.

{¶ 3} On February 24, 2022, the state filed an indictment charging Hall with aggravated robbery with a RVO specification. On June 14, 2022, in exchange for his guilty plea to aggravated robbery, the state agreed to dismiss the RVO specification at sentencing. This agreement was set forth on the record and is evidenced in the June 15, 2022 written plea form.

{¶ 4} Prior to accepting Hall's guilty plea, the trial court first ascertained that he was not under the influence or alcohol or drugs, could read, write and understand English, and that he was a United States citizen. The court then explained the maximum

2.

penalties for aggravated robbery, a first-degree felony, including prison term ranges, fines, and mandatory post release control. The court also explained the constitutional rights Hall was waiving by entering a guilty plea, including the right to a jury trial, the right to be represented by an attorney at trial, the right to confront and cross-examine witnesses, the right to compulsory process, and the privilege against self-incrimination. Hall then entered his guilty plea to aggravated robbery. He did not enter a plea to the RVO specification.

{¶ 5} At Hall's June 30, 2022 sentencing hearing, the state requested that the RVO specification be dismissed pursuant to the plea agreement. The trial court's July 1, 2022 sentencing judgment entry reflects the dismissed RVO specification. This appeal followed.

## II. Assignment of Error

{¶ 6} Hall asserts the following assignment of error:

I. Appellant's plea was not knowingly, voluntarily and intelligently made because the court improperly failed to explain the repeat violent offender specification with which he was charged at the time his plea was accepted pursuant to Crim.R. 11.

3.

### III. Discussion

{¶ 7} In Hall's assignment of error, he contends that the trial court's failure to inform him during the plea hearing of the potential implications of the RVO specification constitutes a "complete failure" of the court to comply with Crim.R. 11(C)(2).

{¶ 8} It is well-settled that a guilty plea must be made knowingly, intelligently, and voluntarily to be valid under the United States and Ohio Constitutions. *State v. Whitman*, 2021-Ohio-4510, 182 N.E.3d 506, ¶ 14 (6th Dist.), citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). To ensure the validity of a plea, a trial court is required to "'engage a defendant in a plea colloquy pursuant to Crim.R. 11.'" *Id.*, quoting *State v. Petronzio*, 8th Dist. Cuyahoga No. 109823, 2021-Ohio-2041, ¶ 5.

{¶ 9} At issue is the trial court's compliance with Crim.R. 11(C)(2)(a), which provides:

> (C)(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the *maximum penalty involved*, and, if applicable, that the defendant is not eligible for probation

4.

or for the imposition of community control sanctions at the sentencing hearing.

(Emphasis added.)

{¶ 10} Pursuant to Crim.R. 11, the maximum penalty advisement pertains to each of the charges the defendant is resolving with the plea. *State v. Sayles*, 8th Dist. Cuyahoga No. 108524, 2020-Ohio-5508, ¶ 46, citing *State v. Rogers*, 2020-Ohio-4102, 157 N.E.3d 142, ¶ 13 (12th Dist.), quoting *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 42 (Kennedy, J., dissenting) (Crim.R. 11(C)(2)(a) "'requires the trial court to advise the defendant of the maximum penalty for each of the charges that the accused is resolving with the plea.'"). The rule does not require that a trial court "ensure that the defendant understands charges or specifications that are dismissed and to which he is not entering a plea." *State v. Sellers*, 7th Dist. Mahoning No. 06-MA-192, 2008-Ohio-538, ¶ 54.

{¶ 11} Absent two exceptions, a defendant must affirmatively show prejudice from a trial court's failure to address certain rights in accordance with Crim.R. 11 prior to accepting a no contest or guilty plea. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 14-15. Where a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, prejudice is presumed. *Id.* at ¶ 14, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus.

5.

{¶ 12} Further, when a trial court fails to fully cover other "nonconstitutional" aspects of the plea colloquy, a defendant must affirmatively demonstrate prejudice to invalidate a plea unless a trial court completely fails to comply with a portion of Crim.R. 11(C). *Id.* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 13} Relying on *Rogers* at ¶12-13, Hall contends that the trial court completely failed to comply with Crim.R. 11(C)(2) because it did not inform him of the "potential implications of the Violent Offender Registry" under R.C. 2903.41, et seq., stemming from the RVO specification.

{¶ 14} Hall's reliance on *Rogers* is misplaced. There, the court of appeals held that the trial court completely failed to comply with Crim.R. 11(C)(2)(a) when it did not inform the defendant that it would impose a mandatory fine *as a consequence* of his guilty plea to aggravated drug trafficking, with a forfeiture specification. *Id.* at ¶ 20.

{¶ 15} Under the facts of this case, however, Hall agreed to plead guilty to aggravated robbery in exchange for the state's dismissal of the RVO specification. Hall, therefore, only sought to resolve the aggravated robbery charge at the plea hearing, and the trial court properly informed him of the maximum penalty for that charge prior to accepting his plea. Crim.R. 11(C)(2)(a) did not require the trial court to inform Hall of the dismissed RVO specification because it did not impact the maximum penalty he faced

6.

as a consequence of his guilty plea to aggravated robbery. Hall's assignment of error is not well taken.

## IV. Conclusion

{¶ 16} Upon due consideration, the July 1, 2022 judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, Hall is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.             _____
                                          JUDGE

Christine E. Mayle, J.            

                                     _____

Charles E. Sulek, J.                                                JUDGE
CONCUR.

                                     _____
                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.