[Cite as *State v. Watts*, 2023-Ohio-1297.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-49 |
| | : | |
| v. | : | Trial Court Case No. 21-CR-145 |
| | : | |
| JOSEPH WATTS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 21, 2023

. . . . . . . . . . .

ANDREW PARKER PICKERING, Attorney for Appellee

THOMAS M. KOLLIN, Attorney for Appellant

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Joseph Watts appeals from his convictions in the Clark County Court of Common Pleas, following pleas of guilty to two counts of rape, both felonies of the first degree. Watts's appointed counsel submitted an appellate brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he cannot find any potentially meritorious appellate issues. Watts was informed of his right to file a

pro se brief, but none has been filed. The State also did not file a brief. Following an independent review of the record as required by *Anders*, we find no issues with arguable merit for Watts to advance on appeal, and the judgment of the trial court will be affirmed.

**Facts and Procedural History**

{¶ 2} The victims herein were Watts's stepdaughters. In exchange for his guilty pleas to two counts of rape, the State dismissed 25 additional sex offense charges. Further, by agreement of the parties, the court sentenced Watts to a mandatory term of 10 years for rape on one count and to a mandatory minimum of 10 years to a maximum of 15 years for rape on the other count, to be served consecutively, for a total minimum term of 20 years to a maximum of 25 years. The court designated Watts a Tier III sex offender. This appeal followed.

***Anders* Standard**

{¶ 3} Upon the filing of an *Anders* brief, an appellate court must determine, "after a full examination of the proceedings," whether the appeal is "wholly frivolous." *Anders* at 744; *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not wholly frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a frivolous issue is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Upon finding that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new appellate counsel to represent Watts.

### *Anders* Analysis and Potential Assignments of Error

**Guilty Plea**

{¶ 4} Counsel for Watts suggests as a first potential assignment of error that the trial court failed to comply with Crim.R. 11(C) prior to accepting Watts's pleas. Counsel concludes, however, that any argument concerning this issue would be wholly frivolous. Based upon our independent review, we agree.

{¶ 5} Due process requires that a defendant's plea be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Harris*, 2d Dist. Clark No. 2020-CA-29, 2021-Ohio-1431, ¶ 15. In accepting a plea, the trial court must follow the mandates of Crim.R. 11(C). *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13. "[T]he rule 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.' " *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975). In *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 17, the Supreme Court of Ohio noted that it has "never mandated that a trial court use particular words in order to comply with Crim.R. 11(C)(2)(c)."

{¶ 6} Crim.R. 11(C)(2)(c) requires that a defendant be advised of certain constitutional rights, and strict compliance with this part of the rule is required. *State v. Thompson*, 2d Dist. Montgomery No. 28308, 2020-Ohio-211, ¶ 5. If a trial court fails to strictly comply with Crim.R. 11(C)(2)(c), "the defendant's plea should be deemed invalid

on appeal. * * *."  *State v. Hutchins*, 2d Dist. Clark No. 2021-CA-22, 2021-Ohio-4334, ¶ 7.

Crim.R. 11(C)(2)(a) requires that a trial court determine whether a defendant is "making [a] plea voluntarily," and Crim.R. 11(C)(2)(b) requires that the court inform the defendant of the consequences of the plea.   Given that these parts of the rule relate to nonconstitutional issues, the "defendant must affirmatively show prejudice to invalidate [a] plea" where the trial court fails to comply fully with Crim.R. 11(C)(2)(a)-(b).   (Citation omitted.)  *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 14; *State v. Rogers*, 2020-Ohio-4102, 157 N.E.3d 142, ¶ 16 (12th Dist.).   To show that he was prejudiced by the trial court's partial noncompliance with Crim.R. 11(C)(2)(a)-(b), the defendant must demonstrate that [he] "would [not] otherwise have entered the plea."  *State v. Thompson*, 2d Dist. Montgomery No. 28308, 2020-Ohio-211, ¶ 5.   Where a trial court completely fails to comply with Crim.R. 11(C)(2)(a)-(b), however, a defendant's plea should be invalidated on appeal, and the defendant need not show prejudice.   *Dangler* at ¶ 14; *Rogers* at ¶ 16.

*Id.* at ¶ 8.

{¶ 7} The transcript of the plea hearing, which we have independently and thoroughly reviewed, reveals that the trial court fully complied with the requirements of Crim.R. 11(C).   The court strictly complied with Crim.R. 11(C)(2)(c) in personally advising Watts of his constitutional rights, namely that his guilty pleas waived his rights to a jury

trial, to confront witnesses, to have compulsory process for obtaining witnesses in his favor, and to require the State to prove his guilt beyond a reasonable doubt at a trial in which Watts could not be compelled to testify. Finally, the court ascertained that Watts's pleas were entered voluntarily, with an understanding of the charges and the maximum penalties involved, and the court informed him that his mandatory sentences precluded consideration of community control at disposition. Crim.R. 11(C)(2)(a) and (b). Accordingly, any argument regarding noncompliance with Crim.R. 11 would be wholly frivolous.

**Sentencing**

{¶ 8} Counsel's second potential assignment of error suggests that Watts's consecutive sentences were not clearly and convincingly supported by the record. "Agreed sentences, like the ones in this case, are generally not reviewable on appeal * * *." *State v. Coffee*, 2d Dist. Nos. 2022-CA-54, 2022-CA-55, 2023-Ohio-474, ¶ 11. R.C. 2953.08(D)(1) provides that a "sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "In other words, a sentence that is 'contrary to law' is appealable by a defendant; however, an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law. " *Coffee* at ¶ 11, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16, citing R.C. 2953.08(D)(1). " 'If all three conditions are met, the defendant may not appeal the sentence.' " *Id.,* quoting

*Underwood.*

{¶ 9} A sentence is authorized by law " 'and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions.' " *Id.* at ¶ 12, quoting *Underwood* at ¶ 20. These provisions include " 'making, when applicable, the findings required for the imposition of consecutive sentences * * *.' " *Id.,* quoting *State v. Smith*, 2d Dist. Montgomery Nos. 28208, 28209, 28210, 2020-Ohio-2854, ¶ 8. However, "in the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4)." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 43.

{¶ 10} Here, the court imposed the mandatory sentences agreed to by Watts and the State. We note that Watts's sentences were not mandatory consecutive sentences, as in the case of, for example, failure to comply, pursuant to R.C. 2921.331(D). Moreover, Watts's sentences were authorized by law. Although not required to do so, the trial court made findings pursuant to R.C. 2929.14(C)(4). Specifically, it found "consecutive sentences necessary to protect the public from future crime by the defendant and that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger he poses to the public." The court further found that "these two multiple offenses were committed as part of one or more courses of conduct, and the harm caused by these two multiple offenses so committed was so great or unusual that no single term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of the defendant's conduct." R.C. 2929.14(C)(4)(b).

The court incorporated its findings into the judgment entry of conviction. Watts's sentences were also within the statutory range. R.C. 2929.14 (A)(1)(b); R.C. 2929.14(1)(a); R.C. 2929.144(B)(2). Based upon the foregoing, Watts's sentences are not reviewable on appeal. Accordingly, any argument on appeal that his consecutive sentences are not clearly and convincingly supported by the record is wholly frivolous.

## Conclusion

Our independent *Anders* review demonstrates no issues with arguable merit for appellate purposes. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.