OPINION
{¶ 1} Defendant, Scott A. Chessman, appeals from his convictions and aggregate four year sentence on two counts of rape, R.C. 2907.02(A)(1)(b), attempted escape, R.C. 2923.02(A) and R.C. 2921.34, and vandalism, R.C. 2909.05.
 {¶ 2} The two rape offenses were charged in common pleas case number 2003-CR0242. In exchange for Defendant's guilty pleas, the State dismissed related gross sexual imposition and battery charges. The parties jointly recommended that the court impose a sentence of four years for each of the two rape offenses, to be served concurrently.
 {¶ 3} While Defendant was incarcerated in the Greene County Jail, he damaged some sprinkler heads in an escape attempt. He was subsequently charged by indictment in common pleas court case number 2003-CR-274 with attempted escape and vandalism. As part of the same plea agreement pertaining to the rape charges, Defendant entered pleas of guilty to the attempted escape and vandalism charges. There was no joint sentence recommendation concerning those offenses. The State recommended a term of community control, to be served after Defendant's completion of his concurrent four year sentences for the two rape offense.
 {¶ 4} Before it accepted Defendant's guilty pleas on October 14, 2003, the trial court reviewed the plea agreement with him and informed Defendant that "[t]he Court can go along with it but doesn't have to go along with it." Defendant acknowledged his understanding of that. (T. 8). The court also determined that Defendant understood that the maximum penalties the charges involved was twenty-six years in prison and fines totaling $82,000 (T. 12), as well as sexual offender classification and registration. (T. 13).
 {¶ 5} The court further advised Defendant that "should the court sentence you to prison, that you (will) serve prison time without any good time reduction," and Defendant acknowledged his understanding of that. (T. 15-16). The court also told Defendant that "should the court sentence you to prison" he could be subject to post-release control for five years, and Defendant acknowledged his understanding of that. (T. 16). The court continued:
 {¶ 6} "THE COURT: And you are eligible for Community Control. Community Control can be granted either at final disposition hearing, or if you're initially sentenced to prison, can be granted at a later time which is called judicial release.
 {¶ 7} "Should the Court grant you Community Control at either time, then under the circumstances you would come under the supervision of the Greene County Adult Probation Department. That status can last up to five years.
 {¶ 8} "Again, like the Parole Authority, you have rules, regulations, and conditions that you have to follow. Failure to follow those rules, regulations, and conditions can result in this Court imposing more severe or stringent rules, regulations, and conditions upon you, or extending your period of supervision time.
 {¶ 9} "In addition, should the Court grant you Community Control, the Court would establish at that time what is called an underlying prison sentence. That underlying prison sentence cen be anywhere up to the maximum sentence that you acknowledged to me before that you knew what it was, that was that total of 26 years. This Court can impose that prison sentence upon you at any time if this Court believed that you violated the conditions of your Community Control, and that your violations were serious enough to warrant such a sanction. Do you understand that?
 {¶ 10} "A. Yes, sir." (T. 16-17). (Emphasis supplied).
 {¶ 11} After reviewing the constitutional rights Defendant's pleas would waive, the court accepted his guilty pleas and set the matter for final disposition. On November 21, 2003, the court imposed four year sentences for the two rape offenses, a sentence of three years for the attempted escape offense, and a sentence of eleven months for the vandalism offense, all to be served concurrently.
 {¶ 12} Defendant filed a timely notice of appeal. After his appellate counsel filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, our independent review revealed potentially reversible sentencing error. New counsel was appointed and a merit brief was subsequently filed containing the following assignment of error:
 {¶ 13} "THE TRIAL COURT ACCEPTED A PLEA IN VIOLATION OF 11(C)(2)(a) OF THE OHIO RULES OF CRIMINAL PROCEDURE BY IMPROPERLY REPRESENTING THAT APPELLANT WAS ELIGIBLE FOR COMMUNITY CONTROL RATHER THAN A MANDATORY PRISON SENTENCE."
 {¶ 14} The error assigned is the same we identified when we rejected the prior Anders brief; whether Defendant was misinformed and/or misled about his eligibility for community control in lieu of incarceration.
 {¶ 15} In order to satisfy the requirements of due process, a plea of guilty or no contest must be knowing, intelligent, and voluntary, and the record must affirmatively demonstrate that it was. Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274. To satisfy that standard, the plea must be made with a full understanding of its consequences. State v. Bowen
(1977), 52 Ohio St.2d 27.
 {¶ 16} The two rape offenses to which Defendant entered guilty pleas mandate imposition of a prison term or terms. R.C.2929.13(F)(2). The court nevertheless advised the Defendant that he was eligible for community control sanctions (T. 16), the availability of which was reinforced by the court's several explanations of what Defendant would face "should" be sentenced to prison. (T. 15-16). Further, the written plea agreement states:
 {¶ 17} "10. My lawyer has informed me that the maximum punishment which the law provides for the offense(s) charged in the indictment/information is 26 years of imprisonment, (of which0 years is mandatory time for which there is no possibility of judicial release). The maximum fine is $82,500.00, (of which 0 is mandatory). There is also a possibility that I will be required to pay restitution or other costs associated with this offense." (Emphasis supplied).
 {¶ 18} Though it explains the maximum possible sentence Defendant faced, the written plea agreement states that none of that time is mandatory. That representation is incorrect and misleading.
 {¶ 19} The State, relying on State v. Nero (1990),56 Ohio St.3d 106, argues that the joint sentencing recommendation constitutes circumstances from which it may be inferred that Defendant knew he was ineligible for community control. The State points out that Defendant told the court at sentencing that "now I'm bet getting (sic) ready to go for four years and the only reason I signed the deal is because I was scared." (T 12).
 {¶ 20} We agree that the Defendant's statement indicates an understanding that it was likely he would be sentenced to prison for four years. However, that is only a likelihood. Further, the statement was made at sentencing, not when Defendant entered his guilty pleas, and it does not eliminate the community control alternative about which Defendant was informed by the court.
 {¶ 21} With respect to the joint recommendation, as well as the State's recommendation of community control sanctions following Defendant's release, they are only that: recommendations to the court. The court told Defendant that it was not bound by such recommendations. (T. 8).
 {¶ 22} The trial court likely intended its advice concerning community control to apply to the attempted escape and vandalism offenses, not to the rape offenses. However, its explanation contained no such distinction. Neither do we find that distinction shown in the written plea agreement, as the State contends.
 {¶ 23} Crim.R. 11(C)(2)(a) requires the court to determine that the defendant is making a plea of guilty "with (an) understanding . . ., if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions at the sentencing hearing." R.C. 2929.13(F)(2) rendered Defendant Chessman ineligible for community control sanctions for his rape offenses. The contrary advice Defendant was given, that he was eligible for community control sanctions, without distinctions as to the charges to which it applied, prevents a finding that he understood that he was ineligible on the rape offenses. That prison time is mandatory, making Defendant ineligible, does not necessarily follow from the joint sentencing recommendation. Even though per Nero it may be inferred from that circumstance that Defendant understood the fact, the circumstances of the plea colloquy in their totality fail to demonstrate affirmatively that Defendant entered his guilty pleas with the discrete understanding required.
 {¶ 24} The assignment of error is sustained. Defendant's conviction will be vacated and the case remanded for further proceedings.
Wolff, J. and Donovan, J., concur.
 FINAL ENTRY
Pursuant to the opinion of this court rendered on the _________ day of ____________, 2006, the judgment of the trial court is Reversed and the matter is Remanded to the trial court for further proceedings consistent with the opinion. Costs are to be paid as provided in App.R. 24.