[Cite as *State v. Jordan*, 2017-Ohio-7195.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case Nos. 27441 and 27442 |
| | : | |
| v. | : | Trial Court Case Nos. 2016-CR-3679 |
| | : | and 2016-CR-3727 |
| LAWRENCE S. JORDAN | : | |
| | : | (Criminal Appeal from |
| *Defendant-Appellant* | : | Common Pleas Court) |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 11th day of August, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

GARY C. SCHAENGOLD, Atty. Reg. No. 0007144, 4 East Schantz Avenue, Dayton, Ohio 45409
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} The trial court, during the Crim.R. 11 plea colloquy, informed Defendant-appellant Lawrence Jordan that he was eligible to be sentenced to a term of community control sanctions (CCS). Jordan, in fact, was not eligible to be sentenced to CCS prompting the trial court to inform Jordan at the sentencing hearing that the imposed prison term was mandatory. Jordan's plea, under this circumstance and as conceded by the State of Ohio, was less than knowing and voluntary. The trial court's judgment, as such, is reversed and the case remanded for further proceedings consistent with this opinion.

## I. Facts and Procedural History

{¶ 2} Jordan, on December 16, 2016, was indicted on one count of aggravated burglary, a first degree felony. This case was assigned Case No. 2016-CR-3679. Jordan, twelve days later on December 28, 2016, was indicted on charges of illegal conveyance of a drug of abuse onto the grounds of a detention facility, a third degree felony, possession of drugs (heroin), a fourth degree felony, and possession of drugs (methamphetamine), a fifth degree felony. This case was assigned Case No. 2016-CR-3727.

{¶ 3} Jordan initially pleaded not guilty to the charges encompassed by both case numbers. Jordan appeared before the trial court on January 11, 2017 to enter a negotiated plea regarding both case numbers. Jordan, in Case No. 2016-CR-3679, pleaded guilty to the single count of aggravated burglary, and in Case No. 2016-CR-3727 Jordan pleaded guilty to illegal conveyance of a drug of abuse into a detention facility with

the counts involving heroin and methamphetamine possession being dismissed.

{¶ 4} The plea agreement, in addition to the dismissal of two counts, included the State's willingness to defer to the trial court regarding sentencing. The trial court, during the course of the Crim.R. 11 discussion, informed Jordan that he was eligible to be sentenced to a term of CCS. The trial court, upon accepting Jordan's guilty pleas, stated once again that Jordan could be sentenced to a term of CCS. The trial court ordered the completion of a pre-sentence investigation report (PSI). There was a discussion concerning whether a Monday screen would be ordered with Jordan declining such a screen. This is relevant because a defendant's Monday participation following a guilty plea can only occur as a CCS condition.

{¶ 5} Jordan, two weeks later on January 25, 2017, appeared before the trial court for sentencing. The trial court, in the interim, received the ordered PSI. The PSI revealed that in 2010 Jordan, as an adult, was convicted in New Mexico of aggravated battery. The PSI indicates that this crime is consistent with the Ohio offense of felonious assault, a second degree felony. The trial court concluded, based, it seems, upon the New Mexico conviction, that Jordan had to be sentenced to a prison term in Case No. 2016-CR-3679 on the aggravated burglary count. The trial court, at the sentencing hearing, sentenced Jordan to a mandatory five year prison term on the charge of aggravated burglary in Case No. 2016-CR-3679, and a term of thirty-six months on the charge of illegal conveyance in Case No. 2016-CR-3727. The trial court ordered the sentences to be served concurrently. An appeal followed in each case number. The appeals were consolidated by an order filed on March 8, 2017.

## II. Analysis

{¶ 6} R.C. 2929.13(F)(6) requires the imposition of a mandatory prison term following a conviction for a first or second degree felony if the defendant has previously been convicted of a first or second degree felony or an offense from another state which is the substantial equivalent of a first or second degree felony. Jordan's PSI identified the New Mexico aggravated battery as such an offense. Jordan, as set forth in the State's brief, was convicted of violating N.M.Stat. 30-3-5(C) which, in pertinent part, prohibits a person from "inflicting great bodily harm" upon another person. Ohio's felonious assault statute, R.C. 2903.11(A)(1), provides, in pertinent part, that "No person shall knowingly… (1) cause serious physical harm to another… " The trial court correctly concluded that N.M.Stat. 30-3-5(C) is substantially equivalent to R.C. 2903.11(A)(1). Since felonious assault is a second degree felony, Jordan's sentence in Case No. 2016-CR-3679 for aggravated burglary required the imposition of a mandatory prison term as correctly stated by the trial court at the January 25, 2017 sentencing hearing.

{¶ 7} The problem, as conceded by the State, is that Jordan was informed by the trial court at the Crim.R. 11 plea hearing that he was eligible to be sentenced to a term of CCS. It is presumed that the trial court and counsel thought that Jordan could be sentenced to a term of CCS until the discussed New Mexico conviction was revealed by the PSI.

{¶ 8} Advising a defendant during a plea hearing that he may be sentenced to CCS when that is not possible makes the plea involuntary. *State v. Chessman*, 2d Dist. Greene No. 03CA100, 2006-Ohio-835. A guilty plea that is not voluntary violates due process and must be reversed. *Id.* at ¶ 15, citing *Boykin v. Alabama*, 395 U.S. 238, 89

S.Ct. 1709, 23 L.Ed. 2d 274 (1969). The trial court's judgment must, accordingly, be reversed and remanded.

### III. Conclusion

{¶ 9} The trial court's judgment is reversed and the case remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Gary C. Schaengold
Hon. Dennis J. Adkins