[Cite as *State v. Jones*, 2020-Ohio-4767.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-12 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-811 |
| | : | |
| MATTHEW M. JONES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of October, 2020.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

JOHNNA M. SHIA, Atty. Reg. No. 0067685, P.O. Box 145, Springboro, Ohio 45066
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant, Matthew M. Jones, appeals from his conviction for one count of rape of a person less than 10 years of age, a first degree felony in violation of R.C. 2907.02(A)(1)(b). Jones, who pleaded guilty as part of a plea agreement with the State, raises two assignments of error, arguing in the first that his conviction should be reversed because he did not enter his plea voluntarily, knowingly or intelligently, and arguing in the second that the sentence imposed by the trial court was not supported by the record. We find that neither of Jones's arguments is well taken, and his conviction is therefore affirmed.

## I. Facts and Procedural History

{¶ 2} On October 18, 2017, the United States Attorney's Office filed a complaint against Jones in Case No. 3:18-cr-00002 before the United States District Court for the Southern District of Ohio. The charges set forth in the complaint included distribution, possession and production of child pornography.

{¶ 3} On October 23, 2019, a Montgomery County grand jury indicted Jones in Montgomery C.P. No. 2018-CR-1627 on one count of rape of a person less than 10 years of age. Additionally, two counts of sexual battery, in violation of R.C. 2907.03(A)(3), and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(5), were brought against Jones in a bill of information filed on December 11, 2019, which was later amended on January 22, 2020.

{¶ 4} In the instant case, a Greene County grand jury issued an indictment against Jones on November 27, 2019. The indictment set forth one charge of rape of a person less than 10 years of age.

{¶ 5} Jones entered into a plea agreement with the United States Attorney in Case

No. 3:18-cr-00002, and on November 27, 2019, the federal district court imposed a sentence of 270 months in prison, to be served concurrently with whatever sentences were imposed in the Montgomery County and Greene County cases. On January 23, 2020, Jones pleaded guilty as charged in the Montgomery County case, and he was sentenced to a term of imprisonment of 20 years to life, to be served concurrently with the sentences imposed by the federal district court and the Greene County Court of Common Pleas.

{¶ 6} In the case at hand, Jones entered into a plea agreement with the State on February 4, 2020, pursuant to which Jones agreed to plead guilty as charged, and the State agreed to recommend that Jones be sentenced to a term of 15 years to life in prison, with the term to be served concurrently with the sentences imposed in the federal case and the Montgomery County case. At Jones's sentencing on February 13, 2020, however, the trial court declined to accept the State's recommendation and sentenced Jones to a term of life without the possibility of parole. Jones timely filed a notice of appeal on February 20, 2020.

## II. Analysis

{¶ 7} For his first assignment of error, Jones contends that:

> JONES' PLEA WAS NOT VOLUNTARY, KNOWING NOR [sic] INTELLIGENT.

{¶ 8} Jones "is not challenging the trial court's adherence to the requirements of Crim.R. 11," but instead, he "argues that [the] circumstances surrounding [his decision to enter a] plea" rendered the plea "involuntary and thus void." Appellant's Brief 3-4. Specifically, Jones maintains that he believed that he had no choice other than to plead

guilty in this case because he had already entered into plea agreements in the federal case and the Montgomery County case.   *See id.*

**{¶ 9}** To "satisfy the requirements of due process, a plea of guilty * * * must be knowing, intelligent, and voluntary, and the record must affirmatively demonstrate" as much.   *State v. Chessman*, 2d Dist. Greene No. 03-CA-100, 2006-Ohio-835, ¶ 15, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *see also State v. Inskeep*, 2d Dist. Champaign No. 2016-CA-2, 2016-Ohio-7098, ¶ 12, citing *State v. Brown*, 2d Dist. Montgomery Nos. 24520 & 24705, 2012-Ohio-199, ¶ 13.   A trial court accordingly "must comply with Crim.R. 11(C)" before accepting a plea.   (Citation omitted.)   *State v. Russell*, 2d Dist. Clark No. 10-CA-54, 2011-Ohio-1738, ¶ 6; *Chessman* at ¶ 15.

**{¶ 10}** Crim.R. 11(C)(2)(c) requires that a defendant be advised of certain constitutional rights, and strict compliance with this part of the rule is required.   *State v. Thompson*, 2d Dist. Montgomery No. 28308, 2020-Ohio-211, ¶ 5.   Where a trial court fails to comply strictly with Crim.R. 11(C)(2)(c), the defendant's plea should be deemed invalid on appeal.   *See State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, ___ N.E.3d ___, ¶ 16; *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31-32.

**{¶ 11}** Crim.R. 11(C)(2)(a) requires that a trial court determine whether a defendant is "making [his] plea voluntarily," and Crim.R. 11(C)(2)(b) requires that the court inform the defendant of the consequences of the plea.   *See* Crim.R. 11(C)(2)(a)-(b). Given that these parts of the rule relate to nonconstitutional issues, the "defendant must affirmatively show prejudice to invalidate [his] plea" where the trial court fails to comply

fully with Crim.R. 11(C)(2)(a)-(b). (Citation omitted.) *State v. Dangler*, Ohio Slip Opinion No. 2020-Ohio-2765, ___ N.E.3d ___, ¶ 14; *State v. Rogers*, 2020-Ohio-4102, ___ N.E.3d ___, ¶ 16 (12th Dist.). To show that he was prejudiced by the trial court's partial noncompliance with Crim.R. 11(C)(2)(a)-(b), the defendant must demonstrate that he "would [not] otherwise have entered the plea." *State v. Thompson*, 2d Dist. Montgomery No. 28308, 2020-Ohio-211, ¶ 5. Where a trial court completely fails to comply with Crim.R. 11(C)(2)(a)-(b), however, a defendant's plea should be invalidated on appeal, and the defendant need not show prejudice. *Dangler* at ¶ 14; *Rogers* at ¶ 16.

**{¶ 12}** In the instant case, Jones implicitly acknowledges that the trial court complied fully with Crim.R. 11(C)(2)(a), (b) and (c). *See* Appellant's Brief 3 and 5. Jones argues, regardless, that his plea should be deemed involuntary because, under the circumstances, he believed the trial court would sentence him to a term in prison of 15 years to life, as recommended jointly by the State and Jones himself. Appellant's Brief 4. Emphasizing that the sentences he had received in the federal case and the Montgomery County case preserved the possibility of parole, Jones insists that his "subjective belief" that the trial court would follow the recommendation was "paramount," because he "would * * * never [have] intelligently [and] voluntarily" pleaded guilty if he had "know[n] that he would be spending the rest of his life in prison without the possibility of parole." Appellant's Reply to Appellee's Brief 2.

**{¶ 13}** Essentially, Jones argues that the trial court violated his right to due process by accepting his plea while refusing to impose the recommended sentence, inasmuch as he chose to plead guilty solely because he believed that he would thereby be "certain" of his eventual release. *See* Appellant's Brief 4. The record offers no support for Jones's

argument.

{¶ 14} At Jones's plea colloquy, the trial court read the parties' Plea Agreement Report, which concluded with Jones's acknowledgement that "his attorney ha[d] explained, and that he under[stood], the [c]ourt [was] not bound by [the] agreement." (Emphasis added.) Transcript of Proceedings 9:5-10:4, Feb. 4, 2020. Questioning Jones directly, the judge asked whether Jones understood that his plea was the product of an "[a]greement reached [among him], [his] attorney, and the assistant prosecuting attorney, [and that the judge] [did]n't have to follow any portion of it," and Jones answered in the affirmative. *Id.* at 10:14-10:19. The trial court also read the Rule 11 Notification Waiver Plea Form, which similarly indicated that the court had "two options" for sentencing Jones, the options being "life imprisonment without parole" and "15 years to life in prison." *Id.* at 10:23-12:2. In addition, the form included Jones's acknowledgements that "no promises were made to induce [him] to enter [his] plea," and that "the entire underlying agreement [was] stated to [him] in open court." *Id.* at 13:15-13:19.

{¶ 15} Although Jones now claims that his only reason for entering into the plea agreement was his belief that he would thus be certain to receive a sentence of 15 years to life in prison, the record is bereft of any evidence that he was promised such a sentence or that he was misled into believing that the trial court was legally obligated to follow the parties' joint recommendation. The fact that Jones had already been sentenced in the federal case and the Montgomery County case, moreover, did not necessarily make his decision to plead guilty in the instant case any less voluntary. Jones reasonably might have believed that pleading guilty was his best chance of preserving the possibility of his

being released on parole, yet he would not necessarily have been sentenced to life without the possibility of parole had he chosen to take his case to trial and been found guilty. Regardless of whether Jones subjectively believed that by pleading guilty he could be certain of being sentenced to 15 years to life, the record provides no evidence that any such belief was objectively justified.[1] Jones's first assignment of error is overruled.

{¶ 16} For his second assignment of error, Jones contends that:

THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S EXCESS [sic] SENTENCE.

{¶ 17} Jones argues that he should be resentenced because "the trial court may not have fully considered all relevant factors under [the] circumstances." Appellant's Brief 9-11. Specifically, Jones faults the court for finding that he was unlikely to be rehabilitated, which Jones maintains is contrary to "the facts and mitigating circumstances," and for failing to recognize that his conduct was not characterized by "several factors that [in other cases] make sexual assault against a child especially harmful." *Id.* at 11-13.

{¶ 18} Under R.C. 2929.11(A), a "court that sentences an offender for a felony shall be guided" by the "overriding purposes" of punishing the offender and "protect[ing]

---

[1] In his reply to the State's brief, for example, Jones indicates that his plea agreement here "was part of a global federal plea agreement that was incorporated by reference but was not placed <u>fully</u> upon [the] record." (Emphasis sic.) Appellant's Reply to Appellee's Brief 1. Aside from references to his pleas in the federal case and the Montgomery County case, the record of this case provides no evidence of a "global federal plea agreement" that was binding, or even purported to be binding, on the Greene County Court of Common Pleas.

the public from future crime by the offender and others," while "using the minimum sanctions that [it] determines [likely to] accomplish [these] purposes without imposing an unnecessary burden on state or local government resources."   Accordingly, the court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution."   *Id.*   R.C. 2929.11(B) adds that a felony sentence "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon [any] victim[s], and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 19} Pursuant to R.C. 2929.12(A), in "exercising [its] discretion" to determine "the most effective way to comply with the purposes and principles of sentencing set forth in [R.C.] 2929.11," a court must consider, among other things, a list of nine factors "indicating that [an] offender's conduct [was] more serious than conduct normally constituting" the offense for which the offender was convicted; a list of four factors "indicating that the offender's conduct [was] less serious than conduct normally constituting the offense"; a list of five factors "indicating that the offender is likely to commit future crimes"; and a list of five factors "indicating that the offender is not likely to commit future crimes."   The court "may [also] consider any other factors that are relevant to [fulfilling the] purposes and principles of [felony] sentencing."   *Id.*; *see also* R.C. 2929.12(B)-(E).

{¶ 20} A "trial court has full discretion to impose any sentence within the authorized statutory range, and [it] is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences."   *State v. King*, 2013-Ohio-2021,

992 N.E.2d 491, ¶ 45 (2d Dist.), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Even so, the "court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." *Id.*, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37. On review of a felony sentence, an appellate court may vacate or modify the sentence "only if it determines by clear and convincing evidence that the record [of the case] does not support the trial court's findings under the relevant statutes," or that the sentence "is otherwise contrary to law." *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231, ¶ 1; *see also* R.C. 2953.08(G)(2). A sentence "is not contrary to law [if it falls] within the statutory range [and the trial court] expressly state[s] that it * * * considered the purposes and principles of sentencing [under] R.C. 2929.11 [and] 2929.12." (Citation omitted.) *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 32 (2d Dist.).

{¶ 21} Here, the premise of Jones's challenge to his sentence is that the trial court should have assigned less weight to the nature of the offense he committed and more weight to mitigating factors, such as the likelihood of rehabilitation. *See* Appellant's Brief 9-14. The trial court, however, was free to determine the relative weight to be accorded the various sentencing factors listed in R.C. 2929.11 and 2929.12. *See, e.g., State v. Bynum*, 3d Dist. Shelby No. 17-18-20, 2019-Ohio-3139, ¶ 11; *State v. Patrick*, 10th Dist. Franklin No. 10AP-26, 2011-Ohio-1592, ¶ 28. Accordingly, the trial court was entitled to decide that the harm caused by the offense outweighed all other sentencing factors.

{¶ 22} Notwithstanding Jones's disagreement with the trial court's determination that the harm he caused outweighed all other sentencing factors, as well as with the trial

court's interpretation of the evidence regarding the possibility of his being rehabilitated, Jones has not shown that his sentence was contrary to law, nor has he provided clear and convincing evidence that the record does not support the findings on which the trial court based his sentence.   Jones's second assignment of error is overruled.

### III. Conclusion

{¶ 23} We hold that Jones intelligently, knowingly and voluntarily entered a plea of guilty to one count of rape, irrespective of the fact that he had already pleaded guilty to similar charges in related cases before the Montgomery County Court of Common Pleas and the United States District Court for the Southern District of Ohio.   Furthermore, we hold that the sentence imposed by the trial court was not contrary to law or unsupported by the record.   The judgment of the Greene County Common Pleas Court will be affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Marcy A. Vonderwell
Johnna M. Shia
Hon. Michael A. Buckwalter