[Cite as *State v. Burke*, 2021-Ohio-452.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28680 |
| | : | |
| v. | : | Trial Court Case Nos. 2019-CR-1144, |
| | : | 2019-CR-675, 2019-CR-920 |
| DON VERNON BURKE, III | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 19th day of February, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

REGINA ROSEMARY RICHARDS, Atty. Reg. No. 0079457, 202 Scioto Street, Urbana, Ohio 43078
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, Don Vernon Burke, III, asserts that his guilty pleas were not knowing, intelligent, and voluntary, and that the trial court's consecutive service findings were not supported by the record. Finding no merit with either argument, the trial court's judgment will be affirmed.

## Facts and Procedural History

{¶ 2} Burke was indicted on a number of counts under three case numbers, with one of the cases including a "B" indictment. In Montgomery C.P. No. 2019-CR-920, Burke pleaded guilty to aggravated arson, a second-degree felony, burglary, a third-degree felony, and receiving stolen property (motor vehicle), a fourth-degree felony. In Montgomery C.P. No. 2019-CR-675, Burke pleaded guilty to breaking and entering, a fifth-degree felony. Finally, in Montgomery C.P. No. 2019-CR-1144, Burke pleaded guilty to aggravated possession of drugs, a fifth-degree felony. Based upon the parties' agreement, the remaining counts were dismissed. The parties also agreed that any prison sentences imposed in Case Nos. 2019-CR-675 and 2019-CR-1144 would be served concurrently to any prison terms in Case No. 2019-CR-920. Thus, Burke faced a maximum prison sentence of 12 years and 6 months.

{¶ 3} In Case No. 2019-CR-920, the trial court imposed an eight-year prison term for aggravated arson, a 36-month prison term for burglary, and a 12-month prison term for receiving stolen property. The trial court ordered the sentences to be served consecutively, resulting in a 12-year prison term. The trial court imposed a 12-month prison term for breaking and entering in Case No. 2019-CR-675 and a 12-month prison term for aggravated possession of drugs in Case No. 2019-CR-1144. These terms were ordered to be served concurrently to each other and, consistent with the plea agreement,

concurrently to the 12-year prison term in Case No. 2019-CR-920.   This appeal followed.

**Analysis**

{¶ 4} Burke's first assignment of error is as follows:

> Under R.C. 2953.08(G)(2), Appellant submits that consecutive sentences are not supported by the record where it lacks clear and convincing evidence that the sentencing court considered the purposes and principles of felony sentencing under R.C. 2929.11 and R.C. 2929.12 before imposing a sentence on each count, which rendered the subsequent imposition of consecutive sentences as required by R.C. 2929.14(C)(4) contrary to law.

{¶ 5} In response, the State asserts that Burke's sentence is not subject to appellate review under R.C. 2953.08(D).   We agree.

{¶ 6} R.C. 2953.08(D)(1) provides, in relevant part, that a sentence "is not subject to [appellate] review * * * if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution * * *, and is imposed by [the] sentencing judge."   We have held that an agreed-upon sentencing range qualifies as a jointly-recommended sentence.   *State v. Arnold*, 2d Dist. Montgomery No. 27218, 2017-Ohio-1384, ¶ 4.   And, "[a]n agreement to 'cap' a sentence is analogous to an agreement to impose a sentence within an agreed range for purposes of R.C. 2953.08."   *Id.*

{¶ 7} The parties' sentencing agreement was discussed at the plea hearing as follows:

> THE COURT: So I just want to make sure that we can put the offer and the plea on the record for me.

[PROSECUTOR] MR. MYERS: Yes, Your Honor.

THE COURT: Yeah, go ahead.

MR. MYERS: The State has agreed in Case Number - - beginning with Case Number 2019-CR-920 that if Mr. Burke were to enter a plea to Count I, aggravated arson, a felony of the second degree; a lesser included offense of Count II, that being burglary, a felony of the third degree; and Count III, grand theft of a motor vehicle, a felony of the fourth degree, the State would dismiss the remaining counts which would be receiving stolen property, a felony of the third degree, and the "B" indictment, an aggravated possession of drugs, a felony of the third degree.

In addition, if Mr. Burke were to plead guilty as charged in Case Numbers 19-CR-675, being breaking and entering, F-5 and 19-CR-1144, an aggravated possession of drugs, F-5, the State would agree that any prison time imposed in those two cases run concurrent to prison time imposed in 2019-CR-920.

THE COURT: Okay. And you've explained that to Mr. Burke, Mr. Cavinder?

[DEFENSE COUNSEL] MR. CAVINDER: Yes, Your Honor. It's essentially - - given the amendments to Case Number 19-920, that leads to a maximum possible consecutive sentence of 12½ years.

THE COURT: Right.

MR. CAVINDER: And Mr. Burke is of the understanding that essentially that amounts to a cap. He cannot be sentenced to more if he were to agree to

this plea agreement. As to the other case numbers, any sentences in those would run concurrent. So it's essentially an open plea.

THE COURT: However, there is a cap at 12½.

MR. CAVINDER: Yeah.

THE COURT: Open plea, cap at 12½.

Do you understand that Mr. Burke?

THE DEFENDANT: Absolutely.

As reflected by the above discussion, the parties agreed to a sentence cap of 12½ years. And, as discussed, an agreed-upon cap qualifies as a jointly-recommended sentence.

{¶ 8} Thus, the parties entered into a jointly-recommended sentencing agreement, and the trial court imposed a sentence in accordance with the agreement. "The 'authorized by law' condition is a bit more nuanced, with a sentence being so authorized 'only if it comports with all mandatory sentencing provisions.' " *State v. Smith*, 2d Dist. Montgomery Nos. 28209, 28210, 28211, 2020-Ohio-2854, ¶ 8, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 16. "Such mandatory provisions include the proper imposition of postrelease control (PRC), making, when applicable, the findings necessary for the imposition of consecutive sentences, and ordering the merger of allied offenses of similar import," *Id.*, citing *Underwood* at ¶ 20, ¶ 33.

{¶ 9} The record supports the conclusion that Burke's sentence was authorized by law. The trial court correctly informed Burke of the mandatory and potential PRC implications, and the judgment entries accurately reflected this discussion. The trial court made the necessary R.C. 2929.14(C) consecutive sentence findings, and these findings were part of the judgment entry in Case No. 2019-CR-920. Finally, this case did

not present any merger issues, and Burke does not suggest otherwise.   In short, Burke's sentence was authorized by law.

{¶ 10} Based upon these conclusions, Burke's sentence is not subject to appellate review.   As such, Burke's first assignment of error is overruled.

{¶ 11} Burke's second assignment of error is as follows:

Burke's plea was not entered knowingly, intelligently, and/or voluntary and violates both Constitutions of the United States and the State of Ohio where his original agreement to an open plea changed during the colloquy to include a mandatory sentence for which the court imposed the maximum term of eight (8) years consecutively to another maximum sentence in addition to other sentences rendering Appellant ineligible for community control sanctions and judicial release.

{¶ 12} Burke makes two arguments in support of this assignment of error: first, that the plea agreement was modified during the sentencing hearing, and second, that the trial court incorrectly informed Burke that he would "be eligible for community control sanctions ("CCS") on his 'other cases' after sixty months."   From this, Burke argues that his plea was not knowing, intelligent, and voluntary.   We disagree.

{¶ 13} Burke's plea modification argument is based upon the following exchange at the plea hearing:

* * *

THE COURT: All right.   Have you previously been convicted of a felony particularly a F-1 or F-2, sir?

THE DEFENDANT: Before? Yeah, I had the F-2 burglary on the last case.

THE COURT: On the last case?

THE DEFENDANT: Yeah. It was - - it's been about three years. Three years. I served time for that.

THE COURT: Okay.

THE DEFENDANT: It was on my own house.

THE COURT: All right.

THE DEFENDANT: Yes.

THE COURT: So there is a mandatory - -

THE DEFENDANT: Yes, sir.

THE COURT: A mandatory sentence on this one.

MR. CAVINDER: I guess whatever would be would be mandatory, wouldn't it?

MR. MYERS: On the F-2, Your Honor.

Let me see the plea form

THE COURT: I just want to make sure - -

THE DEFENDANT: I'm just being honest.

THE COURT: No. I need you to be because that kind of has an effect - -

THE DEFENDANT: Gotcha.

* * *

MR. CAVINDER: (Indiscernible)

THE DEFENDANT: Yeah, it is. It was a F-2 and then I had a weapons under disability. No, a F-2. It was a F-2 and then (indiscernible – simultaneous speech).

MR. MYERS: Your Honor, it's * * * my understanding that due to the previous F-1 or F-2 conviction, the prison sentence on the F-2 only, the aggravated arson, would be mandatory prison time.

THE COURT: Absolutely.    Do you understand that Mr. Cavinder?

MR. CAVINDER: Yes, Your Honor, I do, * * *.

And just so Mr. Burke, you understand?

THE DEFENDANT: I understand that.    I should've and it boils - - be a nice guy, I'm only going to be honest.

THE COURT: No. I - -

THE DEFENDANT: That's (indiscernible – simultaneous speech)

THE COURT: That's why I ask these questions.

THE DEFENDANT: That's what - -

THE COURT: Because of that prior F-2, you understand that this sentence is mandatory and cannot be reduced by earned credit, judicial release, or furlough.

THE DEFENDANT: I do now.

THE COURT: You do understand that.

THE DEFENDANT: Yes.

THE COURT: Okay.    Thank you, sir.

MR CAVINDER: And that is just the amount that's imposed on Count I.

THE COURT: The agg arson.

MR. MYERS: Correct.

THE COURT: That is correct.

You understand that.

THE DEFENDANT: Yes, sir.

* * *

As a result of this exchange, Burke was correctly informed that the aggravated arson count required imposition of a mandatory prison term. Upon being so advised, Burke indicated he understood a prison term for this offense was mandatory, and, further, he did not indicate that this information affected his plea decision. And, contrary to Burke's suggestion, this information did not modify the agreed sentence cap of 12½ years.

{¶ 14} Due process requires that a plea be knowing, intelligent, and voluntary. *State v. Jones*, 2d Dist. Greene No. 2020-CA-12, 2020-Ohio-4767, ¶ 9; *see also Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A trial court's compliance with Crim.R. 11 insures that a defendant's plea comports with due process. *State v. Russell*, 2d Dist. Clark No. 2010-CA-54, 2011-Ohio-1738, ¶ 6.

{¶ 15} Burke seems to assert that the discussion regarding the aggravated arson sentence violated the Crim.R. 11(C)(2)(a) requirement that he be informed he was not eligible to be sentenced to community control sanctions. But, to the contrary, the discussion correctly informed Burke that as a consequence of his plea to aggravated arson, a prison term was required. Since Burke was accurately informed that the aggravated arson count required imposition of a prison term, with this information not altering the agreed-upon sentence cap, the assertion that the mandatory prison discussion affected the intelligent, knowing and voluntary nature of the plea is without merit.

{¶ 16} Finally, Burke argues that, during the sentencing hearing, he was incorrectly

informed that he would be eligible for community control sanctions after 60 months. This argument is based upon the following exchange at the plea hearing:

* * *

THE COURT: * * *

In regards to aggravated arson, the Felony 2, you are not eligible for community control sanctions. You understand that, sir?

THE DEFENDANT: (Nodding head)

THE COURT: You are eligible for community control sanctions - -

MR. MYERS: In the other cases.

THE COURT: - - in the other cases. So I just want to make sure that you - -

THE DEFENDANT: (Indiscernible – simultaneous speech)

THE COURT: That's okay. Okay?

If you were to receive community control sanctions on the other case numbers - - one second.

You could be required to serve a prison term of up to I'm just going to say 68 months is what I have here if you're granted community control for whatever reason on the other charge that you could get community control for. Okay?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Does that make sense?

MR. CAVINDER: Yeah.

THE DEFENDANT: Uh-huh.

THE COURT: That would be - -

MR. CAVINDER: Sixty-six?   I need my calculator.

THE COURT: That would be 36 for the - -

THE DEFENDANT: (Indiscernible) five and a half.

THE COURT: Yeah.   That would be the - - you know what I'm going to do? I'm going to make it 60.

THE DEFENDANT: Thank you, You Honor.

THE COURT: All right.

MR. CAVINDER: Okay.

THE COURT: I don't think that's going to happen, but.   All right? Now has anyone, including your attorney, promised that you would receive community control sanctions and would not receive a prison sentence by pleading guilty at this time?

THE DEFENDANT: No, Your Honor.

* * *

{¶ 17} This discussion is admittedly confusing.   But Burke does not suggest, and we cannot discern, how the discussion affected the intelligent, knowing, and voluntary nature of the plea.   Further, Burke does not suggest that if this discussion had been more precise, his plea decision would have been different.   *See State v. Dangler*, Ohio Slip Opinion No. 2020-Ohio-2765, __ NE.3d __, ¶ 24.   Thus, this exchange does not provide a basis upon which to reverse the trial court's judgment.

{¶ 18} Having rejected both arguments, Burke's second assignment of error is overruled.

**Conclusion**

{¶ 19} Having overruled Burke's two assignments of error, the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
Regina Rosemary Richards
Hon. Gerald Parker